CARL KLAWEITER, Respondent, *v.* JOHN HUBNER, Appellant.

*Contract for the sale of real estate — specific performance.*

On appeal from a judgment in favor of the plaintiff in an action brought by the vendee for the specific performance of a contract for the sale of real estate, the defendant, the vendor, claimed that the judgment could not be sustained, for the reason that he had sold and conveyed the land to another person, and, therefore, performance of the contract was not in his power; no such fact had been found by the trial court, nor was there any request that it be found, and the answer contained no such allegation, but averred that the defendant was ready and willing to perform his part of the agreement; the only evidence on the subject consisted of a statement by one of the plaintiff's witnesses, called out by the defendant on cross-examination, that "I put this contract on record after I had learned that Hubner (the defendant) had sold his property to another person."

*Held*, that the General Term would not, from this evidence, determine the fact for the purpose of overturning the judgment.

By the contract in suit, it was agreed that a part of the price of the land should be paid by the vendee in money, and the balance by his assuming a mortgage which the vendor represented was for a certain amount; the vendee ascertained that the mortgage was for a larger amount than had been represented, and

tendered the vendor in money the sum named in the contract less the difference between the actual amount due on the mortgage and the amount represented to be due thereon.

*Held*, that under the circumstances this was a substantial compliance with the provisions of the contract, and entitled the vendee to a deed, as provided by the contract.

APPEAL by the defendant, John Hubner, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 22d day of June, 1892, upon a decision of the court at the Erie Special Term.

*George W. Cothran*, for the appellant.

*E. O. Farrar*, for the respondent.

HAIGHT, J.:

This action was brought to compel the specific performance of a contract for the sale of real estate. The facts as found by the court are, in substance, that on the 3d day of March, 1891, the plaintiff and defendant entered into a written contract by which the latter agreed to sell to the former the premises in question for the sum of $1,700, which was to be paid as follows: Twenty-five dollars on executing the contract, $475 on or about the 1st day of April, 1891, and the balance by the purchaser assuming a mortgage upon the premises held by a loan association amounting to $1,200. On receiving the payment of $475 the defendant agreed, at his own proper cost and expenses, to execute and deliver to the plaintiff a warranty deed free and clear of all incumbrances, except the mortgage for the sum of $1,200. The twenty-five dollars was paid at the time the contract was executed, and on the 13th day of April, 1891, the plaintiff tendered to the defendant $341, lawful money of the United States, and demanded that the defendant should execute and deliver to him a deed of the premises. The plaintiff at the same time tendered to the defendant a deed containing full covenants of warranty, without any clause reserving the amount of the mortgage, or an assumption to pay it by the grantee. The defendant refused to receive the money, or to execute or deliver the deed. At the time of making the contract the defendant had represented to the plaintiff that the mortgage upon the premises was but $1,200, but at the time of the making of the aforesaid tender, the plaintiff had ascertained that the

mortgage upon the premises was for the sum of $1,500, and that $141 only had been paid thereon, leaving a balance unpaid of $1,359.

The trial court found that the plaintiff was entitled to a specific performance, and ordered judgment accordingly.

It is claimed that the judgment cannot be sustained for the reason that the defendant had sold and conveyed the lands in question to another person, and that, therefore, performance of the contract was not within his power. No such fact was found by the trial court, or requested to be found. The answer contains no such allegation, but instead thereof it alleges " That said defendant has always been, and now is, ready and willing to perform his part of said agreement " It is said, however, that the fact was made to appear upon the trial by the plaintiff's own evidence. The only evidence bearing upon the subject appears in the testimony of the witness Frank, who was sworn as a witness on behalf of the plaintiff. On his cross-examination, he stated that " I put this contract on record after I had learned that Hubner had sold his property to another person." This expression was called out by the defendant, and not by the plaintiff. He does not state the source of his information, how he had learned of the sale, or whether it was anything more than a rumor or hearsay. Inasmuch as the trial court was not requested to find upon this question, we are inclined to the view that we cannot now, from this evidence, determine the fact for the purpose of overturning the judgment.

It is further contended that the plaintiff had not performed the contract on his part, and was, therefore, not entitled to a judgment for specific performance. It is true that he agreed to pay the sum of $475 on or about the 1st day of April, 1891; and that instead of tendering that sum, he only tendered the sum of $341. But the defendant had represented to him that the mortgage upon the premises only amounted to $1,200, whereas, in fact, it was for the sum of $1,500, and the sum of $1,359 still remained unpaid thereon. The amount tendered was the sum named in the contract less the difference between the actual amount due on the mortgage and the amount represented to be due thereon. And, under the circumstances, we think it was a substantial compliance with the provisions of the contract.

The deed tendered to the defendant by the plaintiff was not in

accordance with the contract, and the defendant was under no obligation to execute the same. But he had agreed, at his own proper cost and expenses, to execute and deliver a proper deed. Upon the tender to him of the money, it became his duty to perform his agreement in this regard.

The judgment should be affirmed, with costs.

All concurred.

Judgment appealed from affirmed, with costs.